

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,957-01

### EX PARTE RYAN KEITH MASON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 36947-CR/A IN THE 40th DISTRICT COURT
### FROM ELLIS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to sixty-eight years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Mason v. State*, No. 10-13-00368-CR (Tex. App.—Waco, delivered October 9, 2014) (not designated for publication).

Applicant contends that his plea was involuntary because counsel failed to pass along an earlier plea offer from the State. Specifically, Applicant alleges counsel failed to pass along a plea

offer from the State of twenty-five years in prison with his other charges dismissed. The trial court recommends relief be denied. However, the trial court does not address an alleged e-mail from the prosecutor included in the record that supports Applicant's claim in this case.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regarding Applicant's claim that his counsel did not pass along an earlier plea offer from the State. If the trial court finds counsel did not pass along an earlier plea offer from the State, the trial court shall also enter findings of fact and conclusions of law regarding whether: (1) Applicant would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: December 9, 2015
Do not publish